**Vincent C. LUKOSE, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 08–5332–ag.**

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

Raed Gonzalez, Foster Quan LLP, Houston, TX, for Petitioner.

William C. Minick, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, (Michael F. Hertz, Acting Assistant Attorney General; Janice K. Redfern, Senior Litigation Counsel, on the brief), Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, Circuit Judges, and GERARD E. LYNCH, District Judge.\*\*

### SUMMARY ORDER

Petitioner Vincent C. Lukose, a native and citizen of India, seeks review of a September 18, 2008 decision of the BIA. Petitioner argues as follows: (1) the BIA erred when it affirmed the immigration judge's ("IJ") decision to decline to reopen proceedings *sua sponte* to allow petitioner to apply for adjustment of status; and (2) the BIA erred when it denied Lukose's motion to rescind the 1998 *in absentia* deportation order after it found that petitioner failed to rebut the presumption of effective service. We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

\*\* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

The fugitive disentitlement doctrine permits us to summarily dismiss Lukose's petition for review without reaching the merits. Under the fugitive disentitlement doctrine, we have the discretion to dismiss a petitioner's appeal if that petitioner is "a fugitive from justice during the pendency of the appeal." *Gao v. Gonzales,* 481 F.3d 173, 175 (2d Cir.2007). For the purposes of this doctrine, "an alien who fails to comply with a notice to surrender for deportation" is considered a fugitive. *Id.* at 176. Lukose, like the petitioner in *Gao,* disregarded a notice to surrender for deportation. And Lukose, again like the petitioner in *Gao,* "continued to carry on his life in complete disregard of the outstanding ... deportation order against him" including marrying and having two children. *Id.* at 175. Although these circumstances may now entitle him to relief, we recognize that "[a]llowing his motion to reopen to go forward would have the perverse effect of encouraging aliens to evade lawful deportation orders in the hope that, while they remain fugitives, they may contrive through their own efforts a new basis for challenging deportation." *Id.* at 178. For this reason, we exercise our discretion and summarily dismiss the petition for review.

For the foregoing reason, the petition for review is **DISMISSED.** Inasmuch as we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.